United States District Court
Southern District of Texas
**ENTERED**
October 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA MENDEZ, individually and as the Independent Administrator for the Estate of Mark Anthony Galvan, "Plaintiff", | § § § § § | |
| v. | § § | Civil Action No. 1:21-cv-00080 |
| SERGEANT JOHN JONES, OFFICER MARIO ALVARADO, OFFICER CELESTE RIVERA, individually and in their official capacities, and CITY OF BROWNSVILLE "Defendants". | § § § § § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are these pleadings: Plaintiff's "Complaint" (Dkt. No. 1), Defendants' "In Their Official Capacities' Rule 12 Motion to Dismiss for Failure to State a Claim for Relief" (Dkt. No. 8), Defendants' Jones, Alvarado, and Rivera's "In Their Individual Capacities' Rule 12 Motion to Dismiss for Failure to State a Claim for Relief" (Dkt. No. 9), Plaintiff's "Response in Opposition to Defendants' Motion to Dismiss" ("MTD Response") (Dkt. No. 12), Defendants' "In Their Official Capacities' Reply to Plaintiffs' [sic] Response to Rule 12 Motion to Dismiss for Failure to State a Claim for Relief" (Dkt. No. 13), and Defendants' Jones, Alvarado, and Rivera's "In Their Individual Capacities' "Reply to Plaintiffs' [sic] Response to Rule 12 Motion to Dismiss for Failure to State a Claim for Relief" (Dkt. No. 14).

### I.      PROCEDURAL BACKGROUND

The Magistrate Judge issued a "Report and Recommendation" ("R&R") (Dkt. No. 19). The R&R recommends this Court grant Defendants' motions to dismiss (Dkt. Nos. 8-9) relative to all of Plaintiff's 42 U.S.C. § 1983 claims under the Fourth and Fourteenth Amendments and deny Plaintiff's request for damages on all claims against Defendant City of Brownsville ("City") and all claims under 42 U.S.C. § 1983 against Defendants Jones, Alvarado, and Rivera. Dkt. No. 19. Plaintiff filed four timely objections to the R&R.[1] Dkt. No. 21. Defendants filed responses to the

---

[1] The objections mirror Plaintiff's arguments in the MTD Response, see Dkt. No. 12, and do not enter into the record new evidence or argument for this Court's consideration.

1

objections. Dkt. No. 22; *see* FED.R.CIV.P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED.R.CIV.P. 72(b)(3). This Court may also modify the recommendations of the Magistrate Judge. *Id.*

## II. DISCUSSION

Upon reviewing de novo the R&R, the objections and responses, and the record, this Court finds Plaintiff's objections without merit.

### A. Fourteenth Amendment Claims (Objection 1)

The Magistrate Judge properly analyzed Plaintiff's Fourteenth Amendment claims using the correct legal standard. *See* Dkt. No. 19 at 20. As Plaintiff observes, in *Stanley v. Ill.*, 405 U.S. 645 (1972), the Supreme Court identified the family unit as constitutionally protected, but context is necessary to determine the constitutional source of that protection. Here, the family unit's violation resulted from excessive force. As the Magistrate Judge noted, *see* Dkt. No. 19 at 20, a claim for this violation is inseparably linked to the excessive force claims and therefore proper under the Fourteenth Amendment only where Plaintiff is a pretrial detainee. *See, e.g.*, *Brothers v. Klevenhagen*, 28 F.3d 452, 456 (5th Cir. 1994) ("[T]he Due Process Clause is the appropriate constitutional basis for *pretrial detainee excessive force suits*.") (emphasis added).

### B. Request to Amend the Complaint (Objection 2)

The record shows Plaintiff, separately or internal to its pleadings, never moved the Court for leave to amend the Complaint. In the MTD Response, Plaintiff remarks that body camera footage is needed to determine whether the Complaint should be amended,[2] but Plaintiff does not ask for leave to amend. Instead, Plaintiff argues the Complaint is sufficiently pleaded. Dkt. No. 12 at 7 ("Plaintiff's complaint makes out a cause of action against Defendants . . . ."). External to the MTD Response, Plaintiff never moves the Court for leave to amend or for a stay of proceedings pending more discovery. This Court finds the Magistrate Judge did not "improperly ignore[]" a request for leave to amend because such a request was never made.[3]

---

[2] "Here, the body camera footage is imperative for Plaintiff and this Court to review before this Court can determine that any amendment to Plaintiff's complaint would be futile, under Fed. R. Civ. P. 15(a)." Dkt. No. 12 at 7.

[3] Plaintiff references *Hobbs v. Warren*, 838 Fed. Appx. 881 (5th Cir. 2021), for support of its position that the Magistrate Judge should have granted leave to amend. *Hobbs* does not apply in the context of this objection, because the *Hobbs* plaintiff, based on additional discovery, made a motion for leave to amend the complaint, and the trial judge granted the motion. The Fifth Circuit reversed in *Hobbs* based on insufficiency of the evidence relative to the grant of qualified immunity.

### C. <u>Failure to State a Claim</u>

#### 1. Qualified Immunity (Objection 3)

Defendants pleaded qualified immunity. *See* Dkt. No. 9. A plaintiff may rebut a defendant's claim to qualified immunity by showing (1) the defendant violated a clearly established constitutional right and (2) the defendant's actions were objectively unreasonable. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995) (citations omitted); *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (citing *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.")).

Upon review of the facts and arguments submitted by the parties, this Court finds Plaintiff did not meet its burden to rebut Defendants' claim to qualified immunity. Plaintiff failed to adequately plead facts alleging Defendants violated a clearly established constitutional right or acted in an objectively unreasonable manner relative to Plaintiff.

#### 2. Municipal Liability (Objection 4)

To establish municipal liability, Plaintiff must prove the final policymakers for Defendant City adopted a policy or custom that directly caused Plaintiff's rights violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). A municipality may not be held liable under a theory of respondeat superior. *Id.* at 689. Plaintiff must show that City's policymakers, in adopting the relevant policy or custom, acted with deliberate indifference to a known or obvious risk that adoption would violate Plaintiff's rights. *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405-407 (1997) (observing "[a] showing of simple or even heightened negligence will not suffice"). Municipal liability established through failure to train requires a showing of a pattern or history of deliberate indifference on behalf of city policymakers. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) ("[A] municipality's failure to train its employees" is actionable under § 1983 only where it "evidences a 'deliberate indifference' to the rights of its inhabitants."). A failure to train by municipal actors must rise to the level of "conscious" choice or be so prevalent as to constitute "tacit authorization." *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Turpin v. Mailet*, 619 F.2d 196 (2d Cir. 1980).

Upon de novo review of the pleadings, this Court finds Plaintiff did not plead any City policy or custom directly causing the rights violations alleged. Plaintiff also did not show any prevalent pattern or history of the City's deliberate indifference.

## III. CONCLUSION

For the reasons above, the R&R (Dkt. No. 19) is **ADOPTED**. Plaintiff's objections (Dkt. No. 21) are **OVERRULED**. Defendants' motions to dismiss (Dkt. Nos. ) are **GRANTED** relative to Plaintiff's 42 U.S.C. § 1983 claims under the Fourth and Fourteenth Amendments against Defendant City of Brownsville and Defendants Jones, Alvarado, and Rivera, in both their individual and official capacities. Plaintiff's request for damages is **DENIED** relative to all claims against Defendant City of Brownsville and all claims under 42 U.S.C. § 1983 against Defendants Jones, Alvarado, and Rivera.

The only remaining claims are wrongful death and survival actions under Texas state law. *Cf.* TEX. CIV. PRAC. & REM. CODE §§ 71.002, 71.021. Jurisdiction was proper here at the time of filing because two of Plaintiff's claims arose under federal law. *See* 28 U.S.C. § 1331. In adopting the R&R (Dkt. No. 19), this Court dismissed Plaintiff's claims arising under federal law. When a district court "has dismissed all claims over which it has original jurisdiction . . . , [it] may decline to exercise supplemental jurisdiction over" the remaining claims. 28 U.S.C. § 1367(c)(3).

This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. For this reason, Plaintiff's remaining wrongful death and survival actions, *see* Dkt. No. 1, are **DISMISSED WITHOUT PREJUDICE** to refiling in state court. The District Court Clerk is **ORDERED** to close the case.

Signed on this 27th day of October, 2021.

Rolando Olvera
United States District Judge